**AFFIRMED as MODIFIED and Opinion Filed October 11, 2021**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-19-01160-CR**

**PEDRO SANTIAGO MARIN, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 7**
**Dallas County, Texas**
**Trial Court Cause No. F-1952413-Y**

## MEMORANDUM OPINION

Before Justices Osborne, Reichek, and Smith
Opinion by Justice Smith

A jury convicted appellant Pedro Santiago Marin of intentionally and knowingly, during a period of thirty days or more in duration, committing two or more acts of sexual abuse against a child younger than fourteen years of age. The trial court sentenced Marin to thirty years' confinement. Marin argues the evidence is legally insufficient to support his conviction because the State failed to prove that he committed two sexual acts of abuse during a period that was thirty days or more in duration. Marin and the State ask the Court to reform the judgment to reflect that the trial court, instead of the jury, assessed punishment. As modified, we affirm the trial court's judgment.

## Sufficiency of the Evidence

To avoid unnecessary repetition of facts, we do not include a separate background section, but instead include only those facts necessary to dispose of Marin's sufficiency challenge. *See* TEX. R. APP. P. 47.1.

On February 22, 2019, complainant's mother walked into complainant's room and saw Marin, who was in his boxer shorts, in bed with complainant with his hand under her shirt. Officer Mayra Balderas was dispatched to the home and after talking to complainant, Officer Balderas determined further investigation was necessary.

Officers took complainant, who was nine-years-old, to the Children's Advocacy Center where Jessica Parada conducted a forensic interview. The interview lasted over an hour.

Complainant indicated during the interview that the first instance of abuse was around September 2018 and continued until around November 2018. The first time Marin abused her, he said he wanted to play a game, but instead, he held her hands down and put his mouth on her vagina. She described a second time in which Marin woke her up in the middle of the night, removed her underwear, and put his penis "on the top of her vagina." He also put his mouth on her vagina. She told Parada the last time "something happened with her private parts" was right before her birthday, which was November 30.

Although complainant was unsure how many times Marin abused her, she testified during trial that he put his mouth on her vagina more than once. Parada also

testified during trial to the two incidents complainant described during her forensic interview.

Marin argues the evidence if legally insufficient because the State failed to prove he committed two or more acts of sexual abuse during a period of thirty days or more. The State responds the evidence is legally sufficient.

In reviewing the legal sufficiency of the evidence, we consider whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). We review the evidence in the light most favorable to the verdict and defer to the trier of fact to resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic to ultimate facts. *See Merritt v. State*, 368 S.W.3d 516, 525 (Tex. Crim. App. 2012); *see also Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010). The testimony of a child victim alone is sufficient to support a conviction for continuous sexual abuse of a child. *See* TEX. CODE CRIM. PROC. ANN. art. 38.07(a); *Garner v. State*, 523 S.W.3d 266, 271 (Tex. App.—Dallas 2017, no pet.).

A person commits the offense of continuous sexual abuse of a child under the age of fourteen if, during a period that is thirty or more days in duration, he commits two or more acts of sexual abuse and, at the time of the commission of each act, he is seventeen years of age or older and the victim is a child younger than fourteen years of age. *See* TEX. PENAL CODE ANN. § 21.02(b); *Garner*, 523 S.W.3d at 271.

Although the exact dates of the abuse need not be proven, the offense requires proof that two or more acts of sexual abuse occurred during a period of thirty days or more. *See* TEX. PENAL CODE ANN. § 21.02(d); *Garner*, 523 S.W.3d at 271. The statute does not require that the jury agree unanimously on the specific acts of sexual abuse the defendant committed or the exact dates when those acts were committed. *See* TEX. PENAL CODE ANN. § 21.02(d); *see also Funes v. State*, No. 05-18-01174-CR, 2020 WL 5651659, at *4 (Tex. App.—Dallas Sept. 23, 2020, no pet.) (mem. op., not designated for publication).

Here, a jury could reasonably infer that one of the described incidents of sexual abuse occurred in September while the second described incident occurred in late November. Making this determination was within the sole discretion of the factfinder. *See, e.g.*, *Trinidad v. State*, No. 07-19-00034-CR, 2020 WL 4249745, at *5 (Tex. App.—Amarillo July 20, 2020, no pet.) (mem. op., not designated for publication) (within factfinder's role to resolve conflicts in evidence, weigh evidence, and draw reasonable inferences which included child's testimony that was "very unsure, provided vague information and scant detail about specific instances of sexual abuse, and was unable to provide specific dates of alleged instances"). Viewing the evidence in the light most favorable to the verdict, we conclude a rational trier of fact could have found the essential elements of the offense of continuous sexual assault of a child beyond a reasonable doubt. *See* TEX. PENAL CODE ANN. § 21.02(d); *Garner*, 523 S.W.3d at 271.

In reaching this conclusion, we need not consider Marin's assertion that the February 22, 2019 breast-touching incident was not an act of sexual abuse because his conviction is supported by two other instances of abuse. *See* TEX. R. APP. P. 47.1. We overrule Marin's first issue.

## Modification of Judgment

In his second issue, Marin argues the judgment should be reformed to reflect that the trial court, not the jury, assessed punishment. The State agrees.

We have the power to modify the trial court's judgment when we have the necessary information to do so. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd). Here, the record reflects that Marin elected for the judge to assess punishment. The trial court conducted the punishment hearing and stated the punishment on the record at the conclusion of the hearing. Accordingly, we sustain Marin's second issue and modify the judgment to reflect that the trial court, not the jury, assessed punishment.

**Conclusion**

As modified, we affirm the trial court's judgment.

/Craig Smith/
CRAIG SMITH
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
191160F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

PEDRO SANTIAGO MARIN,
Appellant

No. 05-19-01160-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District
Court No. 7, Dallas County, Texas
Trial Court Cause No. F-1952413-Y.
Opinion delivered by Justice Smith.
Justices Osborne and Reichek
participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** to reflect "Punishment Assessed by: Trial Court."

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered October 11, 2021